UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09–22894–Civ–COOKE/BANDSTRA

JOSE R. MURILLO, *et al*,

    Plaintiffs
vs.

AMERICAN AIRLINES, INC., *et al*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

THIS MATTER is before me on the Plaintiffs' Motion for Remand of Action to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida [D.E. 4]. The Parties have fully briefed the Motion, and I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this order, the Plaintiffs' Motion for Remand is denied.

### I. BACKGROUND

Plaintiff, Jose Murillo, on behalf of Maria Angelina Damas Martinez, brought this personal injury action against American Airlines, Inc. and American Sales and Management Organization. The Defendants removed this action from the state court asserting this Court's original federal question jurisdiction. Specifically, the Defendants contend that the Plaintiffs' claims arise under, and are preempted by, the Warsaw Convention, a treaty to which the United States is a signatory. Plaintiffs moved to remand this action to state court arguing that the Warsaw Convention does not apply to their claims. Defendants oppose the Motion.

### II. LEGAL STANDARD

A defendant may remove an action to a U.S. District Court if that court has original

jurisdiction over the action. 28 U.S.C. § 1441(a). District Courts have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (footnote and citations omitted). Removal statutes are construed narrowly, and when the plaintiff and the defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Additionally, this Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

### III. ANALYSIS

The Warsaw Convention "governs air carrier liability for all international transportation." *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 160 (1999). International transportation is defined as:

> . . . any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation . . . are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention. Transportation without such an agreed stopping place between territories subject to the sovereignty, suzerainty, mandate, or authority of the same High Contracting Party shall not be deemed to be international for the purposes of this convention.

Warsaw Convention, Ch. I, art. 1(2). Under Article 17 of the Warsaw Convention, "[a] carrier is liable for damages sustained in the event of the death or wounding of a passenger or any other

bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." The Parties dispute two issues, for purposes of this motion: (1) what constitutes the "accident," and (2) whether that "accident" occurred in the course of disembarking.

In Paragraph 14 of their Complaint [D.E. 1, Ex. A.], the Plaintiffs allege that the Defendants "fail[ed] to provide assistance to [Ms. Martinez] in reaching her destination and allow[ed] her to exit the airport," causing Ms. Martinez to be struck by an automobile. The Defendants argue that this allegation constitutes the "accident" for jurisdictional purposes. Under this premise, the Defendants contend that the "accident" occurred in the process of disembarkation, and thus invoke federal question jurisdiction by way of the Warsaw Convention.

Opposing Defendants' removal action, the Plaintiffs contend that the "accident," which resulted in Ms. Martinez's injuries, was the car accident that occurred miles away from the airport, hours after she disembarked from her flight to Miami. The Plaintiffs argue that the accident's remoteness from the airport indicate that it did not occur in the course of embarkation or disembarkation and that consequently, their claims are not governed by the Warsaw Convention. Here, I agree with the Defendants analysis.

"Accident" within the meaning of the Warsaw Convention is "an unexpected or unusual event or happening that is external to the passenger" and is not "the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft." *Air Fr. v. Saks*, 470 U.S. 392, 405 (1985). Plaintiffs contend that the direct cause of Ms. Martinez's injuries was the car that struck her after she wandered out of the airport. While it is true that the car was *a* cause of Ms. Martinez's injuries, case law suggests that an "accident," for purposes of Warsaw

Convention applicability, takes place when "some link in the [causal] chain was an unusual or unexpected event external to the passenger." *Olympic Airways v. Husain*, 540 U.S. 644, 646 (2003).[1]  Here, the link in the causal chain that ultimately resulted in Ms. Martinez's injuries, is in fact, the very link which gives rise to Plaintiffs' claims against these particular Defendants – the Airline's alleged failure to safely escort Ms. Martinez to her connecting flight.  Accordingly, for jurisdictional purposes, the accident is the Defendants' alleged failure to assist the Plaintiff to her connecting flight.  The remaining inquiry is whether Defendants' alleged failure occurred during the course of disembarkation.  I find that it did.

Whether a passenger was "engaged in the course of embarking an airline flight" requires inquiry into "(1) the passenger's activity at the time of the accident; (2) the passenger's whereabouts at the time of the accident; and (3) the degree of control exercised by the carrier at the moment of the injury." *See Marotte v. Am. Airlines, Inc.*, 296 F.3d 1255, 1260 (2002), *Kalantar v. Lufthansa German Airlines*, 276 F. Supp. 2d 5, 10 (D.D.C 2003).  "Courts also consider the imminence of the passenger's actual boarding of the flight in question." *Id.*

First, Ms. Martinez was in transit between the flight that landed in Miami and her connecting flight to Chicago.  By Plaintiffs' own admission, there was only a one and a half hour layover between the flight that arrived in Miami and the flight to Chicago.  (*See* Pl.'s Reply 5, n.10 [D.E. 8]).  Between 6:00 p.m. and 7:35 p.m., Ms. Martinez was to deboard the plane, check

---

[1] This definition is consistent both with domestic case law and case law of other signatory states. *Povey v. Qantas Airways Ltd.* (2005) 223 C.L.R. 189 (Austl.) (noting that "emphasis on the causal element of an "accident" in Art 17 is consistent with international authority interpreting the term"); *see also Air Fr. v. Saks*, 470 U.S. at 404 ("In determining precisely what causes can be considered accidents, we find the opinions of our sister signatories to be entitled to considerable weight.").

in through customs, and board her flight to Chicago. Though the record is unclear as to what Ms. Martinez's precise activity was during this time, the only reasonable inference is that she was either in customs, or in a sterile zone of the airport, being directed by airport officials to the final leg of her international flight. From the record at this stage, Ms. Martinez was either disembarking her flight to Miami or embarking on her flight to Chicago. Either way, the Convention governs Plaintiffs' claims against American Airlines.

As for the Plaintiffs' claims against American Sales, I will exercise federal supplemental jurisdiction under 28 U.S.C. § 1367 as the claims against American Sales are sufficiently related to Plaintiffs' claim against American Airlines so as to form part of the same case or controversy.

### IV. CONCLUSION

It is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Remand of Action [D.E. 4], is **DENIED.**

2. Plaintiff's Request for Oral Argument [D.E. 16], is **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of April 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*